# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

GERALD EUGENE BROCKINGTON,

    Plaintiff,

v.                                     CIVIL ACTION NO.: CV614-008

GEORGIA DEPARTMENT OF
CORRECTIONS; Sgt. CHRIS TARVER;
Sgt. JONATHAN EVANS; JOHN W.
PAUL; and ROBERT TOOLE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he informed Defendants Paul and Toole that he feared for his safety, and that his cellmate, a known gang member pulled a knife on him. Plaintiff also contends that Defendant Evans refused to move him after being informed there was a problem. Plaintiff asserts that Defendant Tarver ignored his requests for help on another occasion. Plaintiff sues Defendants Paul, Toole, Evans, and Tarver in their official capacities only. Plaintiff also names the Georgia Department of Corrections as a Defendant.

A lawsuit against a correctional officer in his official capacity is no different from a suit against the government itself; such a defendant is immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Plaintiff's monetary damages claims against Defendants Paul, Toole, Evans, and Tarver in their official capacities should be **DISMISSED**. As

AO 72A
(Rev. 8/82)

Plaintiff only seeks monetary damages from these Defendants, Defendants Paul, Toole, Evans, and Tarver should be **DISMISSED** as named Defendants.

In addition, a lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes this office from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Thus, Plaintiff's claims against the Georgia Department of Corrections should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 8th day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE