UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**GERALD EUGENE BROCKINGTON,**

**Plaintiff,**

v.                                6:14-cv-8

**GEORGIA DEPARTMENT OF CORRECTIONS, et al.,**

**Defendants.**

## ORDER

Plaintiff Gerald Brockington has sued the Georgia Department of Corrections and four individuals (Sgt. Chris Tarver, Sgt. Jonathan Evans, John W. Paul, and Robert Toole, all in their official capacities) for allegedly failing to protect him from a violent cellmate. ECF No. 1. The Magistrate Judge, discharging his responsibilities under 28 U.S.C. § 1915A, screened the complaint for viable claims and issued a Report and Recommendation (R&R). ECF No. 7. The Court agrees with the Magistrate that sovereign immunity bars all of Brockington's claims for money damages. However, because his complaint, read with the solicitude owed *pro se* plaintiffs, requests further injunctive relief, his claim is not wholly barred.

Brockington has sued Tarver, Evans, Paul, and Toole in their official capacities. "While state defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment, they are not immune from claims seeking prospective declaratory or injunctive relief." *Smith v. Fla. Dep't of Corrs.*, 318 F. App'x 726, 728 (11th Cir. 2008). The vast majority of Brockington's requested relief is backward-looking and monetary. *See* ECF No. 1 at 7 (requesting attorney's fees and $150,000 in damages). Those claims are *DISMISSED*.

But, he also requests the Court "to have each official directed to take a polygraph examination . . . ." *Id.* He points out that the Georgia Department of Corrections Standard Operating Procedures requires employees to "submit to any required polygraph."[1] Such relief is not retrospective, and it does not seek monetary damages. Brockington may lack, for other reasons, the legal authority to request such injunctive relief, but sovereign immunity does not bar it.

The Georgia Department of Corrections is an extension of the state of Georgia. As the Magistrate Judge noted, it enjoys the same sovereign immunity protections as the individual defendants. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989). And whether it could be sued for injunctive relief or not, an administrative division cannot submit to a polygraph. Therefore, the claims against the Georgia Department of Corrections are *DISMISSED*.

The R&R is *ADOPTED* as to Brockington's claims against the Georgia Department of Corrections and all claims for damages, but *DENIED* as to his requests for

---

[1] Georgia Department of Corrections Standard Operating Procedures 13, *available at* http://www.gdcjobs.com/NewHire/pdf/Employee_Standards_of_Conduct_IVO14-0001_SOP.pdf (last accessed June 23, 2013).

the administration of polygraph testing. Those claims—for now—may proceed. The Defendants, if they so choose, may file a Motion to Dismiss explaining why the Court should dismiss the remaining claims.

This 26 day of June 2014.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA