IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GERALD EUGENE BROCKINGTON,

    Plaintiff,

v.

CIVIL ACTION NO.: CV614-008

GEORGIA DEPARTMENT OF
CORRECTIONS; Sgt. CHRIS TARVER;
Sgt. JONATHAN EVANS; JOHN W.
PAUL; and ROBERT TOOLE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion to Dismiss, to which Plaintiff failed to respond. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he informed Defendants Paul and Toole that he feared for his safety, and that his cellmate, a known gang member pulled a knife on him. Plaintiff also contends that Defendant Evans refused to move him after being informed there was a problem. Plaintiff asserts that Defendant Tarver ignored his requests for help on another occasion. The undersigned recommended that Plaintiff's Complaint be

dismissed in its entirety. The Honorable B. Avant Edenfield adopted the undersigned's recommended dismissals of the Georgia Department of Corrections as a named Defendant and of Plaintiff's monetary damages claims against the remaining Defendants in their official capacities. However, Judge Edenfield determined that Plaintiff's request for injunctive relief—to have the Defendants take a polygraph examination—was to remain pending and did not dismiss Plaintiff's Complaint. (Doc. No. 10).[1]

Defendants assert that Plaintiff's request for injunctive relief should be dismissed because Plaintiff cannot show that having them take a polygraph examination would have an effect on any possibly future injury.

**DISCUSSION AND CITATION TO AUTHORITY**

Defendants assert that Plaintiff cannot carry his burden of proof for obtaining equitable relief. Defendants allege that there is no contention that they can provide the injunctive relief requested. Defendants also allege that, although Plaintiff asserts that he continues to fear for his safety, he fails to set forth any facts which show any immediate danger, particularly one that would be alleviated by having Defendants take a polygraph examination. Defendants further allege that injunctive relief can extend no further than what is necessary to correct the violation of the federal right.

---

[1] Plaintiff makes his claim for injunctive relief based on the Georgia Board of Corrections' employee standards and conduct rules. (Doc. No. 1, p. 7). The relevant portion of these rules provides: "Employees shall cooperate fully with any official investigation carried out by any law enforcement or administrative agency (including the State Inspector General). In cooperating with an official investigation, employees shall provide all information requested, respond truthfully to all questions asked, submit to any required polygraph, and provide a signed affidavit if requested, and follow any lawful orders unless officially notified that employee is the subject of a criminal investigation." http://www.gdcjobs.com/jobspublic/NewHire/frameset.html?pdf/Employee_Standards_of_Conduct_IVO14-0001_SOP.pdf (p. 13, ¶ 24), accessed on Nov. 19, 2014.

2

"A party [who] seeks a preliminary injunction must establish that '(1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.'" Forsyth Cnty. v. United States Army Corps of Engineers, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" Id. (quoting Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009)).

Section 3626 of Title 18, United States Code, which provides for appropriate remedies in prisoner litigation, provides, in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).

Plaintiff has not shown what injury would inure to him if the Court does not grant his injunctive relief request or that any putative injury would be averted by ordering the polygraph examination of Defendants. In addition, if this Court were to order Defendants to undergo polygraph examinations, such an order would not correct any alleged constitutional violation Plaintiff contends Defendants committed. Further,

AO 72A
(Rev. 8/82)

Plaintiff has not shown that having Defendants undergo polygraph examinations is the least intrusive means to correct any alleged constitutional right violation. Plaintiff has failed to meet his burden of showing entitlement to the issuance of injunctive relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' unopposed Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice, based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 21st day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)